UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADEMOLA OLUGEBEFOLA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 23-3661 (RBW) <br><br> **UNDER SEAL** |

## ORDER

On December 5, 2023, several plaintiffs, all of whom are proceeding pro se, filed this case against the United States of America and a number of cabinet agencies and officials ("the defendants") alleging violations arising under: (1) 31 U.S.C. § 3732 of the False Claims Act, see Verified Complaint ("Compl.") ¶¶ 100–06, (2) 54 U.S.C. § 102901(b)(3), see id. ¶¶ 62–68, (3) 18 U.S.C. §§ 241, 242, see id. ¶¶ 83–91, (4) 43 U.S.C. § 751, see id. ¶¶ 92–99, (5) the United States Constitution, see id. ¶¶ 69–82, and (6) for breach of contract, see id. ¶¶ 57–61, regarding what appears to be a dispute over the ownership of property located in the United States Virgin Islands, see id. at 1–2 ("The United States acting through its past and present federal agencies and officers have engaged in constitutionally protected and statutorily barred activity which amounts to deprivations of rights under color of law[.]"). Since they initiated this action, the plaintiffs have also filed two motions that are currently pending resolution: (1) a request for the Court to take judicial notice of exhibits depicting the property at issue, see Request for Judicial Notice ("Pl.'s Notice") at 1, ECF No. 2, and (2) a motion for a default judgment against the defendants, see Plaintiffs['] Motion for Default Judgment Against Defendant United States of

America, National Park Service, U.S. Secretary of the Interior, [Doug Burgum][1] in h[is] Official Capacity ("Pl.'s Mot. for Default") at 1, ECF No. 5. However, the Court will require that the plaintiffs address a number of deficiencies with their case before it may further proceed.

First, the plaintiffs may not allege False Claims Act violations against the United States government or its agencies because violating the Act imposes liability only on those who defraud the United States. See 31 U.S.C. § 3729; United States ex rel. Lovern v. Deutsche Bank Tr. Co. Ams., No. 14-7186, 2015 WL 2226230, at *1 (D.C. Cir. May 6, 2015) ("[The False Claims Act] claims at issue belong to the government[.]"); United States ex rel. O'Connor v. USCC Wireless Inv. Inc., No. 23-7004, 2025 WL 451618, at *1 (D.C. Cir. Feb. 11, 2025) ("[relators may] pursue fraud on behalf of the government in exchange for a share of the recovery." (emphasis added)). Moreover, several federal circuit courts of appeals have uniformly held that "relator claims under the False Claims Act cannot proceed pro se." United States ex rel. Feliciano v. Ardoin, 127 F.4th 382, 384 (D.C. Cir. 2025) (collecting cases). Thus, the Court will sua sponte dismiss the plaintiffs' claims to the extent they seek to advance claims against the defendants under the False Claims Act.[2]

It also seemingly appears that the plaintiffs have not properly served the defendants with the Summons and the Complaint. See Fed. R. Civ. P. 4(m) (requiring a plaintiff to perfect

---

[1] Doug Burgum is the current United States Secretary of the Interior and is therefore substituted for Deb Haaland as the proper party defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] The Court also notes that the plaintiffs made a request for a temporary restraining order ("TRO") in their Complaint, see Compl. ¶ 107, which is prohibited by the Court's Local Rules, see LCvR 65.1(a) ("An application for a temporary restraining order shall be made in a motion separate from the complaint." (emphasis added)). Nonetheless, to the extent the request for a TRO made in the Complaint can be construed as a motion, the Court denies the plaintiffs' request because they have not shown "that immediate and irreparable injury, loss, or damage will result to the movant[s if immediate relief is not provided to them.]" Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Specifically, the alleged dispute referenced in the plaintiffs' Complaint occurred decades ago and the plaintiffs have not indicated how maintaining the status quo of the ownership of the property at issue will cause them irreparable harm.

service on a defendant "within 90 days after the complaint is filed"); Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint . . . [and t]he plaintiff is responsible for having the summons and complaint served [on the defendants] within the time allowed by Rule 4(m)[.]"). Furthermore, the plaintiff has the burden of providing proof of service to the Court. See Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court[, and e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). The plaintiffs appear to have mailed a copy of the Summons and Complaint to certain components within the United States Department of Justice, but they have not shown that they have "receive[d] a signed return-receipt from the defendant[s] or someone authorized to accept service on behalf of the defendant[s who were allegedly served]." Berman v. Crook, 293 F. Supp. 3d 48, 58–59 (D.D.C. 2018) (holding that service was unperfected where certified mail receipts lacked signatures from authorized agents for government defendants); see Declaration of Service by Certified Mail Return Receipt Request at 1, ECF No. 3. Nor have the plaintiffs provided any indication that they served the defendant agencies and officials named in their Complaint.

Rule 4(m) provides that "if [a] plaintiff shows good cause for the failure" to effect service, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court, therefore, will require the plaintiffs to show cause in writing why they have properly served process on the defendants, but if they have not done so, that they show cause why the Court should grant them an extension of time to perfect service of a summons and a copy of the Complaint on all of the named defendants before addressing the motions that have been filed under seal.[3] If the plaintiffs do not respond in a timely manner to this order, the Court

---

[3] The plaintiffs will be permitted to refile their motions once they have demonstrated that they have properly effectuated service of process on the defendants.

may dismiss this Complaint for failure to prosecute this case. See id. (authorizing the Court, "on its own after notice to the plaintiff[s, to] dismiss the action without prejudice against" [] defendant[s] that ha[ve] not been timely served pursuant to this rule).

Accordingly, it is hereby

**ORDERED** that the plaintiffs' claims arising under the False Claims Act are **DISMISSED**. It is further

**ORDERED** that the plaintiffs' Request for Judicial Notice, ECF No. 2, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Plaintiffs['] Motion for Default Judgment Against Defendant United States of America, National Park Service, U.S. Secretary of the Interior, [Doug Burgum] in h[is] Official Capacity, ECF No. 5, is **DENIED WITHOUT PREJUDICE** as to the remaining claims that have not been dismissed. It is further

**ORDERED** that this case and all filings submitted, including this Order, be **UNSEALED**. It is further

**ORDERED** that, on or before April 21, 2025, the plaintiffs shall **SHOW CAUSE** in writing why they have properly served process on the defendants, but if they have not done so, why the Court should grant them an extension of time to perfect service of process on all of the defendants named in the Complaint. It is further

**ORDERED** that if the plaintiffs fail to timely respond to this Order, the Court may dismiss this case without prejudice. It is further

**ORDERED** that the Clerk of the Court shall forthwith mail a copy of this Order to the plaintiffs' addresses of record.

**SO ORDERED** this 20th day of March, 2025.

REGGIE B. WALTON  
United States District Judge